890 F.2d 417
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shawn JOHNSON, Defendant-Appellant.
 No. 89-3374.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1989.
 
 Before MERRITT, Chief Circuit Judge, KENNEDY, Circuit Judge, and ROBERT M. McRAE, Jr., Senior District Judge.*
 KENNEDY, Circuit Judge.
 
 
 1
 Appellant Shawn Johnson appeals the District Court's sentence of his conviction for possession of cocaine with intent to distribute. Sentenced to 121 months pursuant to the Sentencing Guidelines, he claims the District Court erred by enhancing his offense level 2 points for possession of firearms in connection with a drug offense (2D1.1(b)(1)) and 2 points for being the "organizer, leader, manager or supervisor" of criminal activity involving more than one but fewer than five people (3B1.1(c)). He asserts that the information contained in the presentence report and relied on by the sentencing court was incorrect. Because we find an adequate factual basis for these two considerations, we AFFIRM the judgment of the District Court.
 
 
 2
 On September 3, 1988, the Los Angeles Police Department alerted the Akron Police Department that a package containing cocaine was being shipped through Federal Express to a Sadie Page, 55 W. Long, Akron, Ohio. Los Angeles police discovered the cocaine with the use of a trained dog. Upon its arrival, Akron police searched the package pursuant to a warrant and found that it contained a 95% pure 1008 gram brick of cocaine. An undercover police officer, posing as a Federal Express delivery man, delivered the package to 55 W. Long. Appellant answered the door and signed for the package. A Federal Express employee later informed the police that appellant called their office concerning delivery of the package. After the undercover officer delivered the cocaine, police raided the house. They found the package of cocaine, two loaded .357 magnum revolvers, a loaded .38 revolver, three telephone pagers, a mobile phone, various drug-related paraphernalia, an automobile service receipt for a 1982 Oldsmobile Cutlass in the name of Shawn Johnson, and a receipt for car speakers also in his name. Appellant and three other men were arrested. A search of the 1982 Cutlass, which was parked in the driveway of 55 W. Long, revealed a loaded .32 revolver, a loaded two-shot derringer, and a mobile phone charger. In a statement made after his arrest, appellant said he had been staying at 55 W. Long for the previous few days and admitted that he owned the 1982 Cutlass. Appellant was tried and convicted of possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Following the recommendation of a presentence report, the court sentenced appellant to 121 months imprisonment.
 
 
 3
 Appellant argues that there was not substantial evidence that he possessed a firearm during the commission of the offense because the firearms were found throughout the house, were not registered to him, and did not have his fingerprints on them. On review, "[w]e must 'give due regard to the opportunity of the district court to judge the credibility of witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous.' " United States v. Perez, 871 F.2d 45, 47 (6th Cir.) (citation omitted), cert. denied, 109 S.Ct. 3227 (1989). Before sentencing, the District Court considered both the presentence report and appellant's objections. Its finding with regard to firearm possession was not clearly erroneous.
 
 
 4
 Appellant contends that the District Court erred in finding that he "possessed" the guns because they were found throughout the house, were not registered to him, and did not contain his fingerprints. However, the Commentary to section 2D1.1(b)(1) states:
 
 
 5
 The enhancement of weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet (emphasis added).
 
 
 6
 There is nothing in the record to make it "clearly improbable that the weapon[s] [were] connected with the offense." All of the firearms were loaded and ready to use, they were found both in the house and in appellant's car, and he admitted that he had been staying at 55 W. Long for the previous few days. In interpreting "firearm possession" for purposes of 18 U.S.C. Sec. 924(c)(1), this Court has recently held that
 
 
 7
 In cases involving firearms found on premises under the control of a drug offense offender, the courts have developed a "fortress analogy" theory, which holds that if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction, then such firearms are used "during and in relation to" a drug trafficking crime.
 
 
 8
 United States v. Henry, 878 F.2d 937, 944 (6th Cir.1989) (citations omitted). The presence of the drug paraphernalia, phone devices, and appellant's concern over the delivery of the package all point to the fact that there existed a drug operation at the residence. There was thus abundant evidence to support the District Court's finding that firearms were used in connection with the drug offense. Accordingly, the court did not err in giving the two point enhancement.
 
 
 9
 Section 3B1.1(c) provides that an "organizer, leader, manager or supervisor" of criminal activity involving more than one, but fewer than five, members is subject to a two point increase in their offense level. Appellant claims that the District Court erred in finding that he was a leader or supervisor in the drug transaction. Because this involves a factual determination, our review is again under the clearly erroneous standard. We are also guided by other circuits which have considered the question of what constitutes a "leader" for purposes of section 3B1.1(c).
 
 
 10
 Appellant essentially claims he is not a leader or supervisor because he was arrested "in the field," indicating that he was a minor player. According to appellant, leaders and supervisors orchestrate and arrange deals--they do not conduct them as appellant did here. The First Circuit recently stated that
 
 
 11
 [t]here need be no particular formality in the ossature of a narcotics enterprise to justify invocation of section 3B1.1. Drug dealers are unlikely to make much use of position descriptions or organizational charts. Particularly with respect to the relatively small criminal cabals contemplated by section 3B1.1(c)--2 to 5 people--"the distinction between organization and leadership, and that of management or supervision, is of less significance than in larger enterprises that tend to have clearly delineated divisions of responsibility."
 
 
 12
 United States v. Diaz-Villafane, 874 F.2d 43, 48 (1st Cir.) (citation omitted), cert. denied, 110 S.Ct. 177 (1989). In this case, appellant accepted the package. He called the delivery company when he suspected that it was late in arriving. Evidence also showed that he made numerous phone calls to Los Angeles, apparently to set up the deal. Lastly, appellant wired large amounts of money to the Los Angeles area through Western Union. All of this gives support to the District Court's finding that appellant had a leadership role in the distribution of the drugs.
 
 
 13
 The District Court did not err in upgrading appellant's offense level based on the presence of firearms and his status as a leader or supervisor in the drug transaction. Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 Honorable Robert M. McRae, Jr., United States District Court for the Western District of Tennessee, sitting by designation